ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 13 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Larry Denson ; Greg Edwards;
Paul E. Dearing; Keith Minnihan;
Steve Wilson; Chris Haynes;
Scottie Ray; Timmy Hamil;
Peter Knuckey; Ray Yeager, Jr;
James B. Houk.

Plaintiffs

Civ. Act. No. 1:07-CV-1624

Vs.

**COMPLAINT AND JURY DEMAND** TWT

The City of College Park and
Chief David Walson, College Park
Fire Department

Defendant

Plaintiffs, Larry Denson, Greg Edwards, Paul E. Dearing, Keith Minnihan, Steve Wilson, Chris Haynes, Scottie Ray, Timmy Hamil, Peter Knuckey, Ray Yeager, Jr., and James B. Houk, by their attorney Don W. Johnson, complain of the Defendants, state and allege the following:

## Jurisdiction and Venue

1. This action is brought pursuant to:

Section 1981 of Title 42 of the United States Code to remedy discrimination on the basis of race.

2. Plaintiffs are residents of the State of Georgia.

3. Defendant The City of College Park is a municipal corporation organized under the authority of the State of Georgia, authorized to do business in the State of Georgia and has its principal place of business in the Northern District of Georgia and in the Atlanta Division. Defendant David Walson is the Chief of the College Park Fire Department and the superior officer to each of the Plaintiffs.

4. Plaintiffs are employed by Defendants in the position of firemen of various ranks.

5. At all times material hereto Plaintiffs were employed by Defendants in the aforesaid capacity.

6. This court has jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and

7. Compensatory, declaratory and injunctive relief is sought pursuant to 42 U.S.C. § 1981(a) , and

8. Since the Defendants reside in this district and all the unlawful employment practices complained of occurred in this District, Venue is proper in this District pursuant to:

42 U.S.C. § 1981:28 U.S.C. § 1391

**PARTIES**

9. Plaintiffs are Caucasian Americans or resident aliens, and at all time relevant to this Complaint Plaintiffs were employed in varying capacities by Defendants.

10. Defendants are employers of Plaintiffs and at all time material hereto were in a contractual relationship with the Plaintiffs.

## FIRST CAUSE OF ACTION

11. Plaintiffs repeat and re-allege each and every allegation contained in ¶ 1 to 10 with the same force and effect as if set forth herein.

12. From the date of employment of David Wilson on or about March of 2006 as Chief of the Fire Department of the City of College Park he has, with the knowledge of the Governing Body of the City, deliberately discriminated against Caucasian officers of the Fire Department by circumventing the hiring mechanism of the City to fill top positions in the department with African-American officers so that the Caucasian officers below the ranks filled would not be eligible to qualify for and fill such positions. Such deliberate acts have violated the civil rights of the officers below such positions filled and prevented Plaintiffs' rights to advancement in pay, rank , and those benefits that flow from such advancement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

A. Declaring that defendants' conduct has violated plaintiff's rights as secured by 42 U.S.C. §1981

B. An order compelling defendants to reinstate plaintiffs to the position occupied before the discriminatory acts as alleged, together with all seniority, foregone promotions, and other perquisites necessary to place plaintiffs in the positions they would have occupied but for defendants' wrongful conduct and to remove any impediments to proper advancement placed there by the improper conduct.

C. Awarding compensatory damages, liquidated and un-liquidated, on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses as will fully compensate plaintiff for the injuries caused by defendant's discriminatory conduct.

D. Awarding special and punitive damages on each and every cause of action.

E. Awarding back pay and unpaid wages on each and every cause of action.

F. Awarding such other and additional relief as may be necessary to make plaintiff whole on each and every cause of action.

G. Awarding a reasonable attorney's fee in prosecuting this action.

H. Awarding plaintiff their costs and disbursements in prosecuting this action.

I. Enjoining and permanently restraining the alleged violations of law on each and every cause of action.

J. Awarding such other equitable relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a jury trial.

Dated: July ~~12~~ 13, 2007

Respectfully Submitted

Don W. Johnson, Esq.
Georgia State Bar No.
393325

The Johnson Law Firm, LLC.
P.O. Box 187
Fayetteville, GA 30321-0187
770-719-2771